1
2
3
4
5
6
7

# United States District Court
## Central District of California
### WESTERN DIVISION - LOS ANGELES

8

9  Z PRODUX, INC.                             )     CASE NO.
                                              )
10              Plaintiff,                     )           **2:12-CV-05040 DDP (MRWx)**
            *v.*                               )
11                                             )
    OFRA COSMETICS, LLC                        )
12                                             )     Complaint Filed:    June 6, 2012
                Defendant.                     )
13 _____          )
    OFRA COSMETICS, LLC                        )
14                                             )
            Counter Claimant                   )     **Honorable Dean D. Pregerson**,
15                                             )     United States District Court Judge
            *v.*                               )
16                                             )
    Z PRODUX, INC.                             )
17                                             )
            Counter Defendant                  )
18 _____          )

19
20
21
22

# STIPULATED PROTECTIVE ORDER

23  ///

24
25
26
27

28  ///

## 1 [A]        PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 1 [B]        GOOD CAUSE STATEMENT

This action involves intellectual property claims and cross claims, specifically including a design patent.  This action is likely to involve trade secrets, customer lists, supplier lists, pricing lists, business methodologies and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. The parties assert that confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

1    Accordingly, to expedite the flow of information, to facilitate the prompt
2 resolution of disputes over confidentiality of discovery materials, to adequately
3 protect information the parties are entitled to keep confidential, to ensure that the
4 parties are permitted reasonable necessary uses of such material in preparation for and
5 in the conduct of trial, to address their handling at the end of the litigation, and serve
6 the ends of justice, a Protective Order for such information is justified in this matter.

7    It is the express intent of the parties that information will not be designated as
8 confidential for tactical reasons and that nothing be so designated without a good
9 faith belief that it has been maintained in a confidential, non-public manner, and there
10 is good cause why it should not be part of the public record of this case.

11    The parties, Z Produx on the one hand, and Ofra Cosmetics, on the other hand,
12 therefore stipulate to the following terms and procedures, and jointly request that this
13 Honorable Court enter this Stipulated Protective Order.

14 **2.    DEFINITIONS**

15   **2.1    Action:**

16    Z Produx, Inc. v Ofra Cosmetics, LLC, USDC/Central California Case
17 No. 12-CV-05040 DDP Rzx.

18   **2.2    Challenging Party:**

19    A Party or Non-Party that challenges the designation of information or
20 items under this Order.

21   **2.3    "CONFIDENTIAL":**

22    Information or Items: information (regardless of how it is generated,
23 stored or maintained) or tangible things that qualify for protection under
24 FED.R.CIV.P., Rule 26[c]), and as specified above in the Good Cause Statement.

25   **2.4    "ATTORNEY EYES ONLY"**

26    Information or Items: information (regardless of how it is generated,
27 stored or maintained) or tangible things that qualify for protection under
28 FED.R.CIV.P., Rule 26[c]), and as specified above in the Good Cause Statement.

Attorney Eyes Only designation is a higher protection level than Confidential.  See below re: disclosure limitations.

**2.5  Counsel**:

Outside Counsel of Record, House Counsel (as well as their support staff), counsel for any third party and their staff.

**2.6  Designating Party:**

A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" ("AEO").

**2.7  Disclosure or Discovery Material:**

All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.8  Expert:**

A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

**2.9  House Counsel:**

Attorneys who are employees of a party to this Action, e.g. "Corporate" or In House Lawyers.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.10  Outside Counsel of Record:**

Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

///

**2.11   Non-Party:**

Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.12   Party:**

Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and In House Counsel, and Outside Counsel of Record (and their support staffs).

**2.13   Producing Party:**

A Party or Non-Party from whom production of Disclosure or Discovery Material is sought in this Action.

**2.14   Professional Vendors:**

Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.15   Protected Material:**

Any Disclosure or Discovery Material that is designated as CONFIDENTIAL or ATTORNEY EYES ONLY (AEO).

**2.16   Receiving Party:**

A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   SCOPE OF PROTECTION**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also:

[1]   any information copied or extracted from Protected Material;

[2]   all copies, excerpts, summaries, or compilations of Protected Material;

[3]   any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

1    Any use of Protected Material at trial shall be governed by the orders of the

2    Trial Judge to be determined by the Court prior to trial.

3    **4.      DURATION**

4        Even after final disposition of this litigation, the confidentiality obligations

5    imposed by this Order shall remain in effect until a Designating Party agrees

6    otherwise in writing or a court order otherwise directs. Final disposition shall be

7    deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

8    or without prejudice; and (2) final judgment herein after the completion and

9    exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

10   including the time limits for filing any motions or applications for extension of time

11   pursuant to applicable law.

12       It is the intent of the parties that their respective confidential information be

13   accorded the utmost protection from disclosure such to fully maintain their legitimate

14   property rights.

15   **5.      DESIGNATING PROTECTED MATERIAL**

16       **5.1      Exercise of Restraint/Care in Designating Material for Protection**.

17       Each Party or Non-Party that designates information or items for

18   protection under this Order must take care to limit any such designation to

19   specific material that qualifies under the appropriate standards. The

20   Designating Party must designate for protection only those parts of material,

21   documents, items, or oral or written communications that qualify so that other

22   portions of the material, documents, items, or communications for which

23   protection is not warranted are not swept unjustifiably within the ambit of this

24   Order. Mass, indiscriminate, or routinized designations are prohibited.

25       Designations that are shown to be clearly unjustified or that have been

26   made for an improper purpose (*e.g.*, to unnecessarily encumber the case

27   development process or to impose unnecessary expenses and burdens on other

28   parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**5.2    Manner and Timing of Designations**

Except as otherwise provided in this Order (See, *e.g.*, second paragraph of section 5.2[a] below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced, either as CONFIDENTIAL or ATTORNEY EYES ONLY ("AEO" may be used for Attorney Eyes Only designations).

Designation in conformity with this Order requires:

[a]    for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."

///
///

After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

[b]   For testimony given in depositions where the Designating Party identifies the Disclosure or Discovery Material (protected testimony) on the record before the close of the deposition.

[c]   For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3   AEO Disclosure Limitations**

Disclosure or Discovery Material (inclusive of deposition testimony) may be marked AEO (Attorney Eyes Only).  Matter so marked may only be disclosed to Outside Counsel, their staff, the Court, Court Reporter and retained Experts/Consultants.  The material may not be disclosed to the client nor any other person or entity absent specific party stipulation or Court order. Prior to any such Disclosure, any intended recipient hereunder shall execute Exhibit A hereto (except the Court).

**5.4    Consent To Be Bound**

No person or entity (excepting only the Court) may be permitted access to CONFIDENTIAL or AEO matter without first fully executing the Consent attached hereto.

**5.5    Inadvertent Failures to Designate**

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1    Timing of Challenges**

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

**6.2    Meet and Confer**

The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

**6.3    Burden**

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

///

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1    Basic Principles**

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2    Disclosure of Confidential Information or Items**

Unless otherwise ordered by the Court, or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

[a]    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

[b]    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

[c]    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

[d]    the court and its personnel;

[e]    court reporters and their staff;

[f]    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

[g]     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

[h]     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

[I]     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

With the exception of Item [d] above, as to all the above, no disclosure shall be made unless and until any such person shall have fully executed the "Acknowledgment and Agreement to Be Bound" attached hereto and incorporated herein as Exhibit A (Disclosure to the Court under this Agreement is NOT a public/unprotected disclosure).

The party seeking to disclose must notify the non-disclosing party at least ten (10) days prior to disclosure to permit any challenge.  Notification shall include a copy of the executed Acknowledgment and Agreement to Be Bound.  Court reporters shall be exempt from the minimum 10 day notice, but shall execute the Acknowledgment as soon as possible and prior to taking any testimony.

The parties shall meet and confer prior to filing any challenge/motion and provide a declaration of same at time of filing. *See*, ¶ 6.  The provisions of this paragraph shall apply to ¶ 5 (AEO) designations (§§ 5.3).

///

///

**8.    PROVISIONS GOVERNING PROTECTED MATERIAL SUBPOENAED IN THIS ACTION OR AS SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena, or a court order issued in other litigation, that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

[a]    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

[b]    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

[c]    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

///

///

## 9. NON-PARTY'S PROTECTED MATERIAL

[a]    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." A Party engaging in Third Party Discovery shall provide a copy of this Protective Order with such Third Party Discovery.   Any information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

[b]    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall: (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and (3)  make the information requested available for inspection by the Non-Party, if requested.

[c]    If the Non-Party fails to seek a protective order from this court within 14 days of actually receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

///

///

**10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately **[a]** notify in writing the Designating Party of the unauthorized disclosures; **[b]** use its best efforts to retrieve all unauthorized copies of the Protected Material; **[c]** inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and **[d]** request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.   INADVERTENT PRODUCTION**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in *Federal Rule of Civil Procedure,* Rule 26(b)(5)(B).

This provision is **not** intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

Pursuant to *Federal Rule of Evidence*, 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.   MISCELLANEOUS**

   **12.1   Right to Further Relief**

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

   **12.2   Right to Assert Other Objections**

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

### 12.3   Filing Protected Material

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

### 13.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that:

[1]   identifies (by category, where appropriate) all the Protected Material that was returned or was destroyed, and

[2]   affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format copying, reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motions, trial, deposition, and hearing transcripts, legal memoranda,

correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**14.   VIOLATION**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions as this Court deems just.

*IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD*

DATED: August 6, 2015

/s/ *Robert D. Katz*                          /s/ *Steele N. Gillaspey*

_____              _____

Robert D. Katz,                              Steele N. Gillaspey,
Attorney for Z PRODUX                 Attorney for OFRA

FOR GOOD CAUSE SHOWN, IT IS SO **ORDERED**.

ENTERED: August 11, 2015

_____

UNITED STATES MAGISTRATE JUDGE
Michael R. Wilner

///

///

### PROTECTIVE ORDER EXHIBIT A
*Z Produx, Inc v Ofra Cosmetics, LLC* Case No. 12-CV-05040
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

_____

[full address & telephone], declare under penalty of perjury that I was provided a copy, that I have read in its entirety, and that I fully understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in this Action. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court, Central District California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint THORNSES LITIGATION SERVICE, 501 West Broadway, Suite 1000, San Diego, CA 92101 as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order, agree to pay all costs, and authorize service by email or mail as though personally served.

DATE:

_____

PRINT OR TYPE NAME

_____

SIGNATURE

///